IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------- x

IBRAHIM OSMAN IBRAHIM IDRIS,  :
      Detainee,
      Guantanamo Bay Naval Station  :
      Guantanamo Bay, Cuba,

                         :

*Petitioner/Plaintiff*,

                         :   MOTION FOR APPOINTMENT
                            AS COUNSEL
v.

                         :

GEORGE W. BUSH,  :   No.  05-CV-1555 (JR)
      President of the United States
      The White House  :
      1600 Pennsylvania Ave., N.W.
      Washington, D.C. 20500;  :

                         :

DONALD RUMSFELD,
      Secretary, United States  :
      Department of Defense
      1000 Defense Pentagon  :
      Washington, D.C. 20301-1000;

                         :

ARMY BRIG. GEN. JAY HOOD,
      Commander, Joint Task Force - GTMO  :
      JTF-GTMO
      APO AE 09360; and  :

ARMY COL. MIKE BUMGARNER,  :
      Commander, Joint Detention
         Operations Group - JTF-GTMO,  :
      JTF-GTMO
      APO AE 09360,  :

*Respondents/Defendants*.  :

-------------------------------------------------------------------- x

## MOTION FOR APPOINTMENT AS COUNSEL

### Introduction.

This motion is respectfully submitted on behalf of Petitioner Ibrahim Osman Ibrahim Idris, a detainee at the United States Naval Station at Guantanamo Bay, Cuba, and Debevoise & Plimpton LLP ("Debevoise") for an order appointing Debevoise *pro bono* counsel to Petitioner Idris. This *pro se* action was docketed on August 2, 2005, following the Court's receipt of Petitioner's single page handwritten letter to the Court, dated February 12, 2005, requesting relief from detention. Debevoise represents Petitioner and his Next Friend in another *habeas* proceeding seeking relief from detention that was commenced shortly after this action was docketed without knowledge of Petitioner's earlier letter to this Court. By this motion, Petitioner and Debevoise seek an order appointing Debevoise *pro bono* counsel in the above-captioned action. If such an order is entered, Petitioner and Debevoise will then dismiss the later-filed action. Petitioner, through Debevoise, advised Respondents of his intention to seek appointment of Debevoise as *pro bono* counsel and requested their consent. Respondents neither agreed to consent to the appointment nor stated that they opposed the appointment, but instead reserved their right to respond to the motion.

As explained below, Debevoise already has been authorized to represent Petitioner and to commence legal proceedings on his behalf through Petitioner's Next Friend, Bisher Al-Rawi, a fellow detainee. On that basis, Debevoise, unaware of Petitioner's handwritten letter addressed to the Court, commenced the later-filed proceeding on behalf of Petitioner and his Next Friend. On the basis of the Next Friend

2

authorization, Debevoise has the authority to enter an appearance and to represent Petitioner in this action, even absent appointment by the Court.

The Respondents, however, have challenged the standing of Petitioner's Next Friend to authorize the commencement of the later-filed proceeding, and on that basis have moved to dismiss that proceeding.[1] To avoid needless motion practice associated with Respondents' challenge, rather than entering an appearance in this action on the basis of the Next Friend authorization, Debevoise asked Respondents to consent to the appointment by the Court of Debevoise as *pro bono* counsel to Petitioner in this action. Respondents, however, declined to consent to the appointment of Debevoise as *pro bono* counsel in this action and reserved their right to oppose it.

Petitioner is a paradigmatic *pro se* litigant in need of and meriting the appointment of *pro bono* counsel. His single page, Arabic handwritten letter to the Court – which apparently took almost six months for delivery – requests assistance and specifically avers that he cannot afford counsel. In other matters before the Court and in recognition of the propriety of *pro bono* counsel in these cases, Respondents have represented that they have arranged with the American Bar Association to provide *pro bono* counsel for detainees at Guantánamo.

Debevoise has agreed to represent Petitioner and has affirmed that it will not seek payment of fees or reimbursement of expenses in connection with this representation.

---

[1]    In the event that the *habeas* Petition previously filed by Petitioner and Debevoise is not voluntarily dismissed, as discussed above, Petitioner and his Next Friend, through Debevoise, intend to oppose Respondents' motion to dismiss on the basis that Mr. Al-Rawi is qualified to serve as Petitioner's Next Friend.

Debevoise, an international law firm with over 600 lawyers, has a long history of demonstrated commitment to public service and is well qualified to serve as counsel in accordance with the highest ethical and professional standards. Petitioner and Debevoise thus respectfully request that the Court enter an order appointing Debevoise as counsel to Petitioner in this action.

### Brief Statement of Facts.

A citizen of the Sudan, Petitioner Ibrahim Osman Ibrahim Idris, ISN 036, is detained at the United States Naval Station at Guantánamo Bay, Cuba ("Guantánamo"). Petitioner Idris wrote a letter to this Court, dated February 12, 2005 (a copy of which is attached hereto as Exhibit 1), requesting judicial intervention to contest his detention and classification as an enemy combatant.[2] In his letter to the Court, Petitioner Idris explained that he is indigent and cannot afford counsel and asked for the Court's assistance. Although the date of the delivery to the Court of Petitioner's February 12 letter is not known, almost six months after it was dated, the Court accepted Petitioner's letter as a *pro se habeas* petition and filed it on August 2, 2005 in the above-captioned action.

There is no evidence that Petitioner Idris has received confirmation that the Court received his letter or knows that the Court has taken any action in response to it. It is therefore not surprising that in addition to writing to the Court, Petitioner Idris also spoke

---

[2]    Petitioner Idris' original letter was handwritten and signed in Arabic. The translation of his original letter that was docketed in this action spelled Petitioner's name in English in the manner reflected in the caption, above.

with a fellow detainee, who is represented by counsel, about obtaining legal counsel to commence an action on his behalf. In a letter dated January 4, 2005, Bisher Al-Rawi, another detainee who is represented by George Brent Mickum IV, confirmed that Petitioner Idris had requested that Mr. Al-Rawi seek Mr. Mickum's assistance in retaining an attorney to commence an action on behalf of Petitioner. Mr. Al-Rawi's letter was written in English, included requests for attorneys on behalf of a number of detainees, spelled Petitioner's name as Edries, and gave his ISN number as 036. (*See* Declaration of George Brent Mickum IV, attached as Exhibit A to Petition for Issuance of a Writ of *Habeas Corpus*, a copy of which is attached as Exhibit 2).

Mr. Mickum sought the assistance of the Center for Constitutional Rights ("CCR") in retaining counsel for the detainees listed in the letter. CCR, in turn, sought *pro bono* assistance from Debevoise. On August 30, 2005, Debevoise filed a *habeas* petition on behalf of Petitioner Idris with Mr. Al-Rawi as his next friend. (*See* Exhibit 2). At the time that Debevoise filed the petition, the firm was unaware of Petitioner's February 12 letter and, moreover, was unaware that an action on behalf of Petitioner had been docketed with the Court. On September 23, 2005, Debevoise became aware of the previously filed *pro se* petition when Respondents filed a Notice of Multiple Petitions Filed by Guantanamo Bay Detainee (a copy of which is attached hereto as Exhibit 3).

## ARGUMENT

There are two petitions filed by or on behalf of Petitioner Idris that are currently pending before this Court, both of which contest his detention by the United States Government at the Guantanamo Bay facility: (i) Petitioner's February 12, 2005 two-

paragraph handwritten letter in Arabic, which was construed as a petition for relief and docketed with the Court on August 2, 2005 in this action; and (ii) Petitioner's petition for relief, by his Next Friend, filed on his behalf by Debevoise with the Court on August 30, 2005 under docket number 05-CV-1725 (RWR).  Because Petitioner's *pro se* petition was docketed before Debevoise filed a petition on his behalf, we respectfully request that the Court appoint Debevoise as counsel to Petitioner in this action.  After that appointment, Debevoise will withdraw the later-filed *habeas* petition.

### A.    All Four Relevant Factors Weigh In Favor Of Appointing Counsel

The Local Rules of this Court list four factors to be considered in deciding whether to appoint counsel for a *pro se* litigant.  *See* Local Rule 83.11(b)3(i)-(iv).  All of those factors weigh in favor of appointing Debevoise as counsel for Petitioner:

### 1.    The nature and complexity of the action

The writ of *habeas corpus* is "a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 596 (2004).  For that check to be effective, a *habeas* petitioner must be able to present his case properly and, therefore, it is particularly important that *pro se habeas* petitioners be appointed counsel.  Moreover, *habeas* petitions by detainees at Guantanamo Bay present novel and complex legal issues.  As a non-lawyer unfamiliar with the structure of the court system or the specific requirements for *habeas* petitions, it will be impossible for Petitioner to challenge his detention effectively without the assistance of counsel.

**2.      The potential merit of the *pro se* party's claims**

The Supreme Court has held that the federal courts have jurisdiction to hear *habeas* claims by detainees at Guantanamo. *See Rasul v. Bush,* 124 S. Ct. 2686, 2698 (2004) (holding that "§2241 confers on the District Court jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantanamo Bay Naval Base"). Petitioner's *habeas* petition is properly before this Court. He has been detained for nearly four years without a court hearing regarding the basis for his detention. The writ of *habeas corpus* was designed to prevent illegal detention. Petitioner must have the ability to present his claims effectively to the Court.

**3.      The demonstrated inability of the *pro se* party to retain counsel by other means**

In his letter of February 12, 2005, Petitioner states that he cannot afford legal representation (*see* Exhibit 1), and he has also sought counsel through his request to Mr. Al-Rawi. Given Mr. Idris' detention and inability to communicate in a timely manner with other potential attorneys, appointment of Debevoise is the most efficient method for him to obtain representation.

**4.      The interests of justice will be served by appointment of counsel**

Assistance of counsel for *habeas* petitioners is so important that federal law explicitly directs each district court to establish a plan "for furnishing representation for any [*habeas* petitioner] financially unable to obtain adequate representation" if the interests of justice require it. 18 U.S.C.A. § 3006A(a)(2)(B). Petitioner lived in Sudan and was arrested in Pakistan. *See* Exhibit 1. Upon information and belief, he has never

lived in the United States and is therefore less familiar with the federal court system and

its requirements than almost any litigant before this Court. Based on his February 12,

2005 letter to the Court, he does not write English and faces significant barriers to

communicating with the Court, as evidenced by the six-month delay between the date on

his letter and when it was filed with the Court. The interests of justice will be best served

by appointing counsel for Petitioner so that issues related to his detention can be properly

and, we hope, timely presented to the Court.

**B.    The Government Has Facilitated Other
        Detainees In Obtaining Pro Bono Legal Representation**

The United States Government has instituted procedures to assign *pro bono*

counsel to other Guantanamo detainees who have requested it. In *habeas* proceedings

brought by other detainees, the Government has asserted that all detainees have been

notified in writing that the American Bar Association ("ABA") will provide *pro bono*

attorneys to represent the detainees in *habeas* proceedings and have been provided with

the ABA's address and the means to write to it. *See Doe v. Bush*, 05-CV-1704 (JR),

Respondents' Motion for Order to Show Cause Why Case Should not be Dismissed for

Lack of Proper "Next Friend" Standing (a copy of which is attached hereto as Exhibit 4),

at 8-9. There is no practical distinction between appointing Debevoise as counsel to

Petitioner and having the ABA appoint *pro bono* counsel for him, except that the

appointment of Debevoise would be more efficient and permit this action to proceed

more quickly.

8

**C.    Debevoise Is Well Qualified To
Take On This Representation**

Debevoise is well qualified to represent Petitioner Idris.  Debevoise is a leading
international law firm with over 600 lawyers in offices in Washington, D.C. and New
York, as well as other cities throughout the world.  The firm regularly counsels and
represents clients across a range of disciplines.  The firm's regulatory and criminal
defense work is among the most active part of the firm's litigation practice, and the firm's
litigators include former United States Attorneys and several former Assistant United
States Attorneys and lawyers who are recognized as among the most capable in the
profession.

The firm has a longstanding and deep commitment to *pro bono* representation and
is prepared to devote considerable resources to this litigation.[3]  Seven lawyers appear in
this motion, and they represent only a fraction of the Debevoise lawyers and
paraprofessionals who have committed to participate in the representation of Petitioner.
Debevoise has already demonstrated its commitment to the zealous and professional
representation of Petitioner Idris by the filing of a *habeas* petition and related motions on
his behalf.

---

[3]    Consistent with the firm's position in the *habeas* petition it filed on behalf of
Petitioner Idris, Debevoise will not seek payment or reimbursement of any fees or
expenses related to this proceeding.  *See* Exhibit 2 at Certification of Representation
without Compensation.

**D.    The Court Has Authority To
            Appoint Debevoise As Counsel**

In its discretion, this Court may appoint Debevoise to represent Petitioner in this

action.  Under Local Rule 83.11(b)(3), "[w]hen leave has been granted pursuant to 28

U.S.C. § 1915 for a *pro* se litigant to proceed *in forma pauperis,* the judge to whom the

case is assigned may, on application by the *pro se* party or otherwise, appoint an attorney

from the [Civil Pro Bono] Panel to represent such party."

Debevoise-is not a member of this Court's Civil Pro Bono panel, but, pursuant to

Local Civil Rule 83.11(b)(11), the Court may look outside of the Panel for appointments

in *pro se* cases: "Nothing in this Rule shall be interpreted as preventing a judge from

requesting an attorney, law firm or legal organization that is not on the Panel to represent

a litigant who is otherwise proceeding pro se in this Court."  Accordingly, the

undersigned counsel respectfully request that they be appointed as attorneys of record for

Petitioner Idris in this action.

## CONCLUSION

For the reasons discussed above, the undersigned counsel respectfully request that

this Court grant their motion for appointment as counsel to Petitioner Idris.

10

Dated: October 3, 2005
      Washington, D.C.

Respectfully submitted,


<u>/s/ John B. Missing</u>
John B. Missing (Bar No. 425469)
Jennifer C. Argabright (Bar. No. 480763)
DEBEVOISE & PLIMPTON LLP
555 13th Street, N.W. Ste 1100E
Washington, D.C. 20004-1169
Tel:  (202) 383 8000
Fax:  (202) 383 8118


Jeffrey I. Lang
Jennifer R. Cowan
Ellen A. Hochberg
Tatia L. Miller
Hadassa Waxman
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel:  (212) 909-6000
Fax:  (212) 909-6386