# TABLE OF UNREPORTED CASES

utilized in

**PETITIONER IBRAHIM OSMAN IBRAHIM IDRIS'S**

Points and Authorities

In Support of Opposition to Respondents' Motion to Stay

*Al-Adahi v. Bush*, No. 05-CV-00280 (GK), slip op. (D.D.C. Apr. 29, 2005)

*Al-Shamri v. Bush*, No. 05-CV-00551 (RWR), slip op. (D.D.C. May 10, 2005)

*El-Banna v. Bush*, No. 04-CV-01144 (RWR), slip op. (D.D.C. Apr. 8, 2005)

*Errachidi v. Bush*, No. 05-CV-00640 (EGS), slip op. (D.D.C. Apr. 21, 2005)

*Salahi v. Bush*, 05-CV-0569 (JR), slip op. (D.D.C. April 14, 2005)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MUHAMMAD AL-ADAHI, et al.,** Petitioners, v. **GEORGE W. BUSH, et al.,** Respondents. | Civil Action No. 05-280 (GK) |
| **MAJID ABDULLA AL JOUDI, et al.,** Petitioners, v. **GEORGE W. BUSH, et al.,** Respondents. | Civil Action No. 05-301 (GK) |

**ORDER**

Petitioners in the above-captioned cases have each requested immediate issuance of a writ of habeas corpus under 28 U.S.C. § 2243 and/or for sanctions based on Respondents' failure to comply with a direct order of this Court. All Petitioners are currently detained at the U.S. Naval Base at Guantanamo Bay, Cuba.

On March 7, 2005, in Civil Action No. 05-280 and in Civil Action No. 05-301, the Court ordered the Government, by March 28, 2005, to show cause why a writ should not be granted. The Government did not comply and instead filed a Motion to Stay

Proceedings. Petitioners in both cases have filed Oppositions to the Motions to Stay, and Respondents have filed Replies.

Upon consideration of the Motions, Oppositions, and Replies, the Court concludes that Respondents' Motions to Stay should be **granted**.

To ensure that these proceedings continue in a prompt and orderly fashion after the Court of Appeals rules in In re Guantanamo Detainees Cases, 355 F. Supp.2d 443 (D.D.C. 2005) and Khalid v. Bush, 355 F. Supp.2d 311 (D.D.C. 2005), it is hereby

**ORDERED** that Respondents shall, by August 1, 2005, or earlier, provide factual returns to Petitioners' counsel supporting the detention of their clients.[1] If necessary and appropriate, such factual returns may be filed under seal; and it is further

**ORDERED** that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004; the Order Addressing Designation Procedures for "Protected Information" entered on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended

---

[1] Appellate briefing will be completed by the end of June. No date has been set for oral argument. Thus, it is highly unlikely that the Court of Appeals will have ruled by August 1, 2005. By giving the Government three months to file its factual returns, it will have ample time to complete the administrative tasks involved. More importantly, Petitioners will not be prejudiced by imposition of the Stay. Their counsel can begin preparing their defense well in advance of any ruling by the Court of Appeals and the delay they fear can be minimized.

Protective Order, issued on December 13, 2004, in In re Guantanamo Bay Detainee Cases, Civil No. 02-0299, et al., by Judge Joyce Hens Green shall apply in this case; and it is further

**ORDERED** that Respondents' Motions to Stay are **granted** pending resolution of all appeals in In Re Guantanamo Detainees Cases, 355 F. Supp.2d 443 (D.D.C. 2005) and Khalid v. Bush, 355 F. Supp.2d 311 (D.D.C. 2005). This stay shall not prevent the parties from filing any motion for emergency relief.

April 29, 2005

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MAJID RADHI AL TOUME AL SHAMRI et al.,** | ) | |
| **Petitioners,** | ) | |
| **v.** | ) | **Civil Action No. 05-551 (RWR)** |
| **GEORGE W. BUSH et al.,** | ) | |
| **Respondents.** | ) | |

**MEMORANDUM ORDER**

Petitioner Majid Radhi Al toume Al Shamri, through his next friend, Hmood Nasser Al Mutairi, seeks a writ of habeas corpus, challenging the legality of his detention by the United States at Guantanamo Bay Naval Base, Cuba. Respondents moved for a stay of proceedings [Dkt. # 4] pending resolution of the appeals in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), appeal docketed, No. 05-8003 (D.C. Cir. March 10, 2005), and Kalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeal docketed sub nom. Boumediene v. Bush et al., No. 05-5062 (D.C. Cir. March 10, 2005). Petitioners' opposition to the stay [Dkt. # 8] requests, at a minimum, that any stay imposed be flexible enough to allow petitioner to seek interim relief when warranted, that petitioner not be removed or transferred from Guantanamo Bay absent 30 days notice to this court and counsel for petitioners,

and that a factual return setting forth the basis for Petitioner Al Shamri's detention be filed within 30 days.

A primary purpose of a stay pending resolution of the issues on appeal is to preserve the status quo among the parties. Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is preventative or protective, and seeks to maintain the status quo pending a final determination of issues on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974) (granting stay pending appeal to maintain the status quo between the parties). A court may, in appropriate situations, specify protective conditions in balancing the hardship necessarily imposed on the party whose suit or execution of judgment has been stayed pending appeal. Cooks v. Fowler, 459 F.2d 1269, 1272-73 & n.27 (D.C. Cir. 1971) (affirming condition of stay requiring tenant appealing judgment to deposit funds in court registry pending appeal); see also, City of Portland, Or. v. Federal Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing the proponent of a stay in a case challenging shippers' exclusion of one city's port from service to "be prepared to state reasons why this court should not impose a conditional stay requiring the rotation of service among the ports involved pending final review and determination."); Scott v. Scott, 382 F.2d 461, 462 (D.C.

Cir. 1967) (discussing a stay of execution of judgment conditioned upon support payments); Center for Int'l Environmental Law v. Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on party seeking an expedited appeal). Where, as here, the condition imposed on the proponent of the stay is "neither heavy nor unexpected," imposing a protective condition is well within a court's discretion. Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v. Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating "[w]e have little doubt that . . . [a court] may fashion an equitable remedy to avoid placing one party at a severe disadvantage during the period of litigation")).

Therefore, here

> the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." Landis v. North American Co., 299 U.S. 248, 256 (1936). Coextensive with a district court's inherent power to stay proceedings is the power to craft a stay that balances the hardships to the parties. Id. at 255 (noting concern regarding a stay causing "even a fair possibility . . . [of] damage to some one else."); see also Clinton v. Jones, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005) (Urbina, J.) (Order, Dkt. # 12). Accordingly, it is hereby

ORDERED that respondents' motion for a stay [Dkt. # 4] be, and hereby is, GRANTED in part and DENIED in part. The proceedings in this case are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit, in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances, such as when petitioners have reason to believe that they are facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court. It is further

ORDERED that respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall not transfer or remove the detained petitioner from United States custody at Guantanamo Bay unless this court and counsel for petitioners receive thirty days' advance notice of such transfer or removal. It is further

ORDERED that, given the ongoing conduct of combatant status review tribunals, respondents shall file within 30 days of the entry of this Order a factual return relating to the detained petitioner.

SIGNED this 10th day of May, 2005.

/s/
RICHARD W. ROBERTS
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMIL EL-BANNA et al., Petitioners, v. GEORGE W. BUSH et al., Respondents. | Civil Action No. 04-1144 (RWR) |
| HANI SALEH RASHID ABDULLAH et al., Petitioners, v. GEORGE W. BUSH et al., Respondents. | Civil Action No. 05-23 (RWR) |
| ABDULLAH IBRAHIM ABDULLAH AL RASHAIDAN et al., Petitioners, v. GEORGE W. BUSH et al., Respondents. | Civil Action No. 05-586 (RWR) |

**MEMORANDUM ORDER**

Petitioners Jamil El-Banna, Bisher Al-Rawi, Martin Mubanga,[1] Hani Abdullah, Rami Al-Oteibi,[2] and Abdullah Al Rashaidan,[3] in three separate cases seek writs of habeas corpus, challenging the legality of their detention by the United States at Guantanamo Bay Naval Base, Cuba. Respondents moved for a stay of proceedings in each case pending resolution of the appeals in In re Guantanamo Detainee Cases, — F. Supp. 2d — , 2005 WL 195356 (D.D.C. Jan. 31, 2005), appeal docketed, No. 05-8003 (D.C. Cir. March 10, 2005), and Boumediene v. Bush et al., — F. Supp. 2d — , 2005 WL 100924 (D.D.C. Jan. 19, 2005), appeal docketed, No. 05-5062 (D.C. Cir. March 10, 2005). A primary purpose of a stay pending resolution of the issues on appeal is to preserve the status quo among the parties. Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is preventative or protective, and seeks to maintain the status quo pending a final determination of issues on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974) (granting stay pending appeal to

---

[1] Petitioner-detainees in Civil Action No. 04-1144.

[2] Petitioner-detainees in Civil Action No. 05-23.

[3] Petitioner-detainee in Civil Action No. 05-586.

maintain the status quo between the parties). In Civil Action No. 04-1144, Judge Joyce Hens Green entered a stay order on February 3, 2005. (Dkt. # 122.) In Civil Action No. 05-23, a stay was entered on March 16, 2005 that nevertheless allowed petitioners to seek from this court emergency relief in appropriate circumstances, such as when petitioners reasonably believe they will be removed from the jurisdiction of this court. (Dkt. # 16).[4] In Civil Action No. 05-586, respondents' motion to stay the proceedings is pending.

In each action, petitioners have moved for a preliminary injunction to enjoin respondents from transferring any of the petitioner-detainees from United States custody at Guantanamo Bay Naval Base to any other location or any other custodian without providing 30 days notice of the intended transfer or removal. Petitioners fear that respondents may involuntarily "render" the detainees to other countries, where they may be subject to continued detention without due process of law or to mental or physical abuse, and, by means of transfer, divest this court of jurisdiction either as a practical or legal matter. Respondents oppose petitioners' motions for a preliminary injunction.

---

[4] A protective order was entered in that case on the same day. (Dkt. # 17.)

Petitioners' fears do not appear fanciful. Petitioners cite to a report of an investigative journalist describing the rendition of several named individuals who have been transferred in and out of United States custody, a practice respondents have not denied in these proceedings. Further, respondents concede they have transferred custody of many Guantanamo detainees to foreign sovereigns and assert that such transfer divests this court of jurisdiction over pending habeas corpus petitions. Another press report cited by petitioners, and not denied by respondents, indicates that respondents either have, or had, plans to accelerate the transfer of Guantanamo detainees to other sovereigns and other locations.

The outcome petitioners fear, if realized, would improperly subvert the court's ability to adjudicate these actions on their merits. See Rasul v. Bush, 124 S. Ct. 2686, 2698 (2004) ("We therefore hold that [28 U.S.C.] § 2241 confers on the District Court jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantanamo Bay Naval Base."). Furthermore, such a result would nullify the stay's purpose of preserving the status quo between the parties.

"It is well established that 'the federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts for the

protection of their rights in those tribunals.'" Abu Ali v. Ashcroft, 350 F. Supp. 2d 28, 54 (D.D.C. 2004) (quoting Alabama Great S. R. Co. v. Thompson, 200 U.S. 206, 218 (1906)). In addition, a court may, in appropriate situations, specify protective conditions in balancing the hardship necessarily imposed on the party whose suit or execution of judgment has been stayed pending appeal. Cooks v. Fowler, 459 F.2d 1269, 1272-73 & n.27 (D.C. Cir. 1971) (affirming condition of stay requiring tenant appealing judgment to deposit funds in court registry pending appeal); see also, City of Portland, Or. v. Federal Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing the proponent of a stay in a case challenging shippers' exclusion of one city's port from service to "be prepared to state reasons why this court should not impose a conditional stay requiring the rotation of service among the ports involved pending final review and determination."); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir. 1967) (discussing a stay of execution of judgment conditioned upon support payments); Center for Int'l Environmental Law v. Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on party seeking an expedited appeal). Where, as here, the condition imposed on the proponent of the stay is "neither heavy nor unexpected," imposing a protective condition is well within a

court's discretion. Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v. Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating "[w]e have little doubt that . . . [a court] may fashion an equitable remedy to avoid placing one party at a severe disadvantage during the period of litigation")).

Therefore, here

> the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." Landis v. North American Co., 299 U.S. 248, 256 (1936). Coextensive with a district court's inherent power to stay proceedings is the power to craft a stay that balances the hardships to the parties. Id. at 255 (noting concern regarding a stay causing "even a fair possibility . . . [of] damage to some one else."); see also Clinton v. Jones, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005) (Urbina, J.) (Order, Dkt. # 12). Accordingly, it is hereby

ORDERED that respondents' motion for a stay in Civil Action No. 05-586 (Dkt. # 5) be, and hereby is, GRANTED in part and DENIED in part. The proceedings in Civil Action No. 05-586 are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit, in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioners in Civil Action Nos. 04-1144 and 05-586 may seek emergency relief from this court in

appropriate circumstances, such as when petitioners have reason to believe that they are facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court. It is further

ORDERED that in all three cases captioned above, respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, may not transfer or remove the detained petitioners from United States custody at Guantanamo Bay unless this court and counsel for petitioners receive thirty days' advance notice of such transfer or removal. It is further

ORDERED that, given the ongoing conduct of combatant status review tribunals, respondents shall file factual returns relating to each detained petitioner within 30 days after entry of a protective order in that petitioner's action, unless such returns have been filed already. It is further

ORDERED that the motions for a preliminary injunction in all three cases captioned above (Dkt. # 128, Civil Action No. 04-1144; Dkt. # 15, Civil Action No. 05-23; Dkt. # 3, Civil Action No. 05-586) be, and hereby are, DENIED as moot.

SIGNED this 8th day of April, 2005.

/s
RICHARD W. ROBERTS
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERRACHIDI, et al.,<br><br>Petitioners,<br><br>v.<br><br>GEORGE WALKER BUSH, et al.<br><br>Respondents. | ) | No. 1:05CV00640 (EGS) |

ORDER

Upon consideration of the unopposed motion for entry of protective order, it is hereby

**ORDERED** that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004)) and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004, in the *In re Guantanamo Bay Detainee Cases* shall apply in this case. It is

**FURTHER ORDERED** that petitioners' counsel shall treat information designated by respondents as "protected" under the Amended Protective Order as "protected information" under the Amended Protective Order pending further order of this Court.

**IT IS SO ORDERED.**

Signed: Emmet G. Sullivan ______________________________
United States District Judge
April 21, 2005

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MOHAMMEDOU OULD SALAHI, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-0569 (JR) |
| GEORGE W. BUSH, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

Respondents' motion for a stay [4] is **granted.** Petitioners having submitted themselves to the jurisdiction of this Court, and the Court having asserted in personam jurisdiction, see Rasul v. Bush, 124 S.Ct. 2686 (2004), the stay will apply to all proceedings applicable to the petitioners, including without limitation their release, repatriation, or rendition, and it will remain in effect until further order of the Court. Petitioners' motion for an order requiring 30 days advance notice of their intended removal [3] is accordingly unnecessary and is **denied. IT IS SO ORDERED.**

JAMES ROBERTSON
United States District Judge