# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------- x
:
**IBRAHIM OSMAN IBRAHIM IDRIS,**
:
    *Petitioner*,
:
v.                                                                        Civil Action No. 05-CV-1555
: (JR)
**GEORGE W. BUSH,** *et al.*,
:
    *Respondents.*
:
---------------------------------------------------------------------- x

**<u>PETITIONER'S STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF HIS MOTION FOR AN ORDER REQUIRING
RESPONDENTS TO PRESERVE ALL MATERAL, DOCUMENTS
AND INFORMATION REGARDING OR RELATED TO PETITIONER</u>**

22080549v6

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abdah v. Bush,*
  04-C 2005 U.S. Dist. LEXIS 17189 (D.D.C. June 10, 2005) ................................ 3, 5, 6

*Al-Marri v. Bush,*
  2004-C 2005 U.S. Dist. LEXIS 17195 (D.D.C. Mar. 7, 2005) .................................. 3, 5

*Ditlow v. Shultz,*
  517 F.2d 199 (D.C. Cir. 1975) ................................................................................ 3

*El-Banna v. Bush,*
04-CV-1144, 2005 WL 1903561, 1 (Jul. 18, 2005) ..................................................... 4, 5, 6

*Harris v. Nelson,*
  394 U.S. 286 (1969) ............................................................................................. 3, 4

*Pueblo of Laguna v. U.S.,*
  60 Fed. Cl. 133 (2004) ............................................................................................ 3

*Slahi v. Bush,*
  05-CV-881, 2005 WL 1903682, *1 (D.D.C. Jul. 18, 2005) ....................................... 5, 6

## FEDERAL STATUTES

28 U.S.C. § 1651 ............................................................................................................. 4

28 U.S.C. § 2254 ............................................................................................................. 4

## MISCELLANEOUS

The Rules Governing § 2254 ........................................................................................... 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------------ x
:
**IBRAHIM OSMAN IBRAHIM IDRIS,**
:
*Petitioner*,
:
v.                                                           Civil Action No. 05-CV-1555
:    (JR)
**GEORGE W. BUSH,** *et al.*,
:
*Respondents.*
:
------------------------------------------------------------------------ x

**PETITIONER'S STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF HIS MOTION FOR AN ORDER REQUIRING
RESPONDENTS TO PRESERVE ALL MATERAL, DOCUMENTS
AND INFORMATION REGARDING OR RELATED TO PETITIONER**

Petitioner Ibrahim Osman Ibrahim Idris ("Petitioner") respectfully moves this Court for an order requiring Respondents to preserve and maintain all material, documents and information in Respondents' possession, custody or control regarding or related to Petitioner Idris, including, but not limited to, documents regarding or related to:

(i)     Petitioner's apprehension;
(ii)    Petitioner's detention;
(iii)   Petitioner's statements;
(iv)   interrogations of Petitioner;
(v)    Petitioner's medical and psychological health and any treatment received; and
(vi)   Petitioner's proceedings before the Combatant Status Review Tribunal or Annual Review Board and preparation for such proceedings.

Pursuant to Local Civil Rule 7(m), counsel for Petitioner conferred with counsel for Respondents via telephone and e-mail regarding this motion, and Respondents' counsel indicated that they would not consent to the relief requested.

**PRELIMINARY STATEMENT**

Petitioner has been detained at the United States Naval Base at Guantanamo Bay ("Guantanamo") for nearly four years. Petitioner's habeas petition raises serious challenges to

22080549v6

the legality of his detention and treatment by Respondents, and all evidence regarding Petitioner's habeas claims is in Respondents' custody and control. Because Respondents may argue that the Federal Rules of Civil Procedure regarding discovery and the attendant obligations to preserve evidence may not apply in habeas actions absent action by the Court, and in light of reports that spoliation of material related to detainee treatment may have occurred, an order requiring the preservation of relevant documents is critical to the fair adjudication of this case. The requested relief does not unduly burden Respondents, as it imposes no greater burden on Respondents than the typical obligations of a litigant in a civil action.

Although a stay is in effect in this action, Petitioner respectfully submits that entry of the proposed order is not inconsistent with the stay since the proposed order merely preserves evidence and maintains the status quo, and respectfully requests that the Court consider this motion. Due to the stay, some time will pass before any discovery will occur. A preservation order will maintain the status quo until such time as the stay is lifted and this Court determines the degree of discovery appropriate in this action.

## PROCEDURAL BACKGROUND

Petitioner Idris sent a letter to the Court, dated February 12, 2005, requesting assistance from the Court in contesting his detention. The Court construed that letter as a *pro se* petition for a writ of habeas corpus, which was docketed on August 2, 2005. On November 9, 2005, the Court appointed undersigned counsel to represent Petitioner Idris. On November 10, 2005, Petitioner Idris filed an amended petition for habeas relief. On December 2, 2005, the Court imposed a stay pending resolution of related appeals, and ordered Respondents to provide Petitioner's counsel with the factual return regarding his detention within thirty days.

22080549v6

# ARGUMENT

A court may enter a preservation order if there is substantial concern that evidence may be damaged or destroyed, the party seeking the evidence may be irreparably harmed if the evidence is damaged or destroyed, and the burden on the party required to preserve the evidence is not great. *See Ditlow v. Shultz,* 517 F.2d 166, 173-74 n.31 (D.C. Cir. 1975); *Pueblo of Laguna v. United States,* 60 Fed. Cl. 133 & n. 8 (2004).[1]

## I. A PRESERVATION ORDER IS NECESSARY TO PREVENT IRREPARABLE HARM TO PETITIONER.

### A. Respondents Are In Sole Possession Of All Evidence Relevant to Petitioner's Claims.

Petitioner Idris' habeas petition raises serious and substantial issues regarding the basis for his detention and treatment by Respondents. Respondents have complete control over all information related to all detainees at Guantanamo and the bases for their confinement. The Court has ordered Respondents to produce the factual return for Petitioner to his counsel by January 3, 2006, but Respondents may also have custody or control of additional information related to Petitioner of which Petitioner is unaware. Those materials may be crucial to his ability to present fully his habeas petition to this Court for consideration, but absent an order from this Court, Respondents may not have an obligation to preserve that information.

### B. Absent A Preservation Order, Respondents May Not Be Obligated To Preserve All Documents Regarding Petitioner.

Respondents may argue that not all of the discovery provisions of the Federal Rules of Civil Procedure apply to federal habeas corpus proceedings, in part "because their specific provisions are ill-suited to the special problems and character of [habeas] proceedings." *Harris*

---

[1] Although a preservation order is similar to a preliminary injunction in that it requires a party to perform or refrain from certain actions, the standard described above is applied rather than the four-part analysis used for preliminary injunctions. *See Abdah v. Bush*, 04-CV-1254, 2005 U.S. Dist. LEXIS 17189 (D.D.C. June 10, 2005); *Al-Marri v. Bush*, 2004-CV-2035, 2005 U.S. Dist. LEXIS 17195 (D.D.C. Mar. 7, 2005).

3

*v. Nelson,* 394 U.S. 286, 296 (1969). Because Respondents may argue that the discovery provisions do not necessarily apply in a habeas action, "the preservation obligations that flow to a litigant from the federal discovery rules cannot be presumed to apply to habeas litigants absent some express application by a court." *El-Banna v. Bush,* 04-CV-1144, 2005 WL 1903561, *1 (D.D.C. Jul. 18, 2005). Absent action by the Court, Respondents may not have an obligation to preserve evidence relevant to Petitioner's habeas claims.

      C.     **Spoliation Of Evidence May Have Occurred.**

Among the documents produced by the government in connection with a Freedom of Information Act suit filed by the ACLU is a highly redacted FBI document titled Urgent Report, dated June 25, 2004, which contained reports of abuse of detainees in Iraq by military interrogators (attached hereto as Exhibit A). The Urgent Report stated that "[redacted] was providing this information to the FBI based on his knowledge that [redacted] were engaged in a cover-up of these abuses. He stated these cover-up efforts included [redacted]." Given the redactions, it is impossible to know whether that "cover up" included the destruction or alteration of documents.

**II.    THIS COURT HAS THE AUTHORITY
TO GRANT THE REQUESTED RELIEF.**

Although Respondents may argue that the discovery provisions of the Federal Rules of Civil Procedure may not apply to this action, the Court may, pursuant to its own discretion and the All Writs Act, 28 U.S.C. § 1651, "fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage" to permit a habeas petitioner to develop the facts necessary to support the claims in his petition. *Harris,* 394 U.S. at 299.[2]

---

[2] This authority has been codified with respect to habeas actions by persons challenging detention by a state under 28 U.S.C. § 2254. Rule 6(a) of The Rules Governing § 2254 Cases states that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so."

4

Pursuant to that authority, this Court may issue an order requiring Respondents to preserve all relevant documents. *See, e.g., Slahi v. Bush,* 05-CV-881, 2005 WL 1903682, *1 (D.D.C. Jul. 18, 2005); *El-Banna,* 2005 WL 1903561 at *1.

> **A.  Courts Have Already Issued Orders Requiring Respondents To Preserve Evidence Of Mistreatment of All Detainees.**

Respondents are already obligated to preserve evidence regarding Petitioner's treatment while detained. Orders issued in two other actions require Respondents to preserve "all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the Guantanamo Bay detention facility." *Al-Marri v. Bush*, 04-CV-2035, 2005 U.S. Dist. LEXIS 17195, *2 (D.D.C. Mar. 7, 2005); *Abdah*, 04-CV-1254, 2005 U.S. Dist. LEXIS 17189 at *5; *see also El-Banna,* 2005 WL 1903561 at *2-3. However, while these orders require Respondents to preserve documents related to the treatment of Petitioner Idris, they do not require Respondents to preserve documents related to the basis for his detention or other information relevant to his habeas claims, so a separate preservation order is necessary here requiring preservation of all documents regarding or related to Petitioner, including, but not limited to, documents regarding or related to:

(i)   Petitioner's apprehension;
(ii)  Petitioner's detention;
(iii) Petitioner's statements;
(iv)  interrogations of Petitioner;
(v)   Petitioner's medical and psychological health and any treatment received; and
(vi)  Petitioner's proceedings before the Combatant Status Review Tribunal or Annual Review Board and preparation for such proceedings.

> **B.  A Preservation Order Will Not Be Unduly Burdensome For Respondents.**

Extending Respondents' ongoing obligation with respect to information regarding Petitioner's treatment to encompass all documents regarding Petitioner is not unduly burdensome. The requested order "imposes no greater obligation on respondents than the federal

5

discovery rules' preservation obligations impose on a litigant in a typical lawsuit." *El-Banna,* 2005 WL 1903561 at *2. Respondents have presumably already established procedures for preserving this material as other courts in this judicial district have granted similar relief. *See, e.g., El-Banna,* 2005 WL 1903561 at *3 (granting preservation order with regard to particular individual Guantanamo detainee petitioner); *Slahi,* 2005 WL 1903682 at *2 (same).

## CONCLUSION

A preservation order is necessary "to ensure the fairness and completeness of any evidentiary hearing" ultimately held in Petitioner's habeas proceeding, because *i)* Respondents have sole possession of the evidence relevant to Petitioner's habeas claims; *ii)* Respondents may have no obligation to preserve that evidence; and *iii)* employees of Respondents may have already destroyed evidence related to detainee mistreatment. *See Slahi,* 2005 WL 1903682 at *1 (noting the necessity of a preservation order in habeas proceedings, especially when "there has been no full disclosure of the facts on the public record to authorize the challenged detention").

A preservation order should be issued despite the stay entered in this case because, like the stay, a preservation order will maintain the status quo between the parties until such time as the stay is lifted and the Court can determine what material is properly subject to discovery. *See, e.g., Abdah,* 2005 U.S. Dist. LEXIS 17189 at *4-5 ("the court finds entry of a protective order appropriate in light of the purpose animating Judge Green's February 3, 2005 stay order, namely to preserve the status quo pending resolution of appeals").

For these reasons, Petitioner respectfully requests that the Court enter an order requiring Respondents to preserve and maintain all material, documents and information in Respondents' possession, custody or control regarding or related to Petitioner Idris.

22080549v6

Dated:  December 21, 2005

Respectfully submitted,

Counsel for Petitioner

/s/_____
 John B. Missing (Bar No. 425469)
Jennifer C. Argabright (Bar No. 480763)
DEBEVOISE & PLIMPTON LLP
555 13th Street, N.W.
Washington, D.C. 20004-1169
Tel:  (202) 383 8000
Fax:  (202) 383 8118


Jeffrey I. Lang (D.D.C. *pro hac vice*)
Jennifer R. Cowan (D.D.C. *pro hac vice* pending)
Ellen A. Hochberg (D.D.C. *pro hac vice*)
Philip Rohlik
Tatia L. Miller
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel:  (212) 909-6000
Fax:  (212) 909-6836


*Of Counsel*
Barbara Olshansky
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------- x
                                                                       :
**IBRAHIM OSMAN IBRAHIM IDRIS,**                                       :
                                                                       :
    *Petitioner*,                                  :
                                                                       :
v.                                                                     :  Civil Action No. 05-CV-1555
                                                                       :  (JR)
**GEORGE W. BUSH,** *et al.*,                                          :
                                                                       :
    *Respondents.*                                  :
                                                                       :
---------------------------------------------------------------------- x

### [PROPOSED] ORDER

For the reasons set forth in Petitioner's Statement Of Points And Authorities In Support Of His Motion For An Order Requiring Respondents To Preserve All Material, Documents And Information Regarding Or Related To Petitioner, it is hereby:

**ORDERED** that Petitioner's Motion For An Order Requiring Respondents To Preserve All Material, Documents And Information Regarding Or Related To Petitioner is **GRANTED**; and

**IT IS FURTHER ORDERED** that Respondents preserve and maintain all material, documents and information in Respondents' possession, custody or control regarding or related to Petitioner Idris, including, but not limited to, documents regarding or related to::

(i)     Petitioner's apprehension;
(ii)    Petitioner's detention;
(iii)   Petitioner's statements;
(iv)   interrogations of Petitioner;
(v)     Petitioner's medical and psychological health and any treatment received; and
(vi)   Petitioner's proceedings before the Combatant Status Review Tribunal or Annual Review Board and preparation for such proceedings.

_____       _____
December __, 2005                              James Robertson
                                                             United States District Judge