IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IBRAHIM OSMAN IBRAHIM IDRIS,<br>    *et al.*,<br><br>    Petitioners,<br><br>v.<br><br>GEORGE W. BUSH,<br>    President of the United States,<br>    *et al.,*<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action Nos.    05-CV-1555 (JR)<br>    05-CV-1725 (JR)<br>    (consolidated) |

**RESPONDENTS' FACTUAL RETURN TO PETITION FOR WRIT OF HABEAS CORPUS BY PETITIONER IBRAHIM OSMAN IBRAHIM IDRIS**

Respondents hereby submit, as explained herein, the final record of proceedings before the Combatant Status Review Tribunal pertaining to petitioner Mahmud Idris (listed in the petition as Ibrahim Osman Ibrahim Idris) as a factual return to petitioner's petition for writ of habeas corpus.[1]  For the reasons explained in the record, petitioner Mahmud Idris has been determined to be an enemy combatant.  Accordingly, petitioner Mahmud Idris is lawfully subject

---

[1] On December 30, 2005, the President signed into law § 1005 of the Department of Defense Appropriations Act, 2006, Pub. L. No. ___, § 1005 (2005), also known as the Detainee Treatment Act of 2005, which, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba.  Respondents anticipate filing in the Guantanamo detainee cases, including the instant case, a motion to dismiss or for other appropriate relief based on the new law.  The effect of the Detainee Treatment Act of 2005 will also be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit.  Notwithstanding respondents' impending motion regarding the new, statutory withdrawal of the Court's jurisdiction, however, pursuant to the Court's December 2, 2005 Order, respondents hereby submit a factual return pertaining to petitioner Mahmud Idris.

to detention pursuant to the President's power as Commander in Chief or otherwise, and is being detained.

The portion of the record suitable for public release is attached hereto.  See Exhibit A. The remaining portions of the record, including information that is classified or not suitable for public release, will be submitted under seal through the Court Security Officers on January 6, 2006.  See Respondents' Unopposed Motion for Extension of Time to Submit Classified Versions of the Factual Return Pertaining to Petitioner Ibrahim Osman Ibrahim Idris (dkt. no. 34).  On January 6, 2006, one copy of the classified factual return will be submitted to the Court for *in camera* review.  Another copy of the classified factual return, containing classified information suitable for disclosure to counsel under seal, will be made available to petitioner's counsel who have been issued security clearances, consistent with the Protective Order.  See Order dated December 2, 2005 (applying Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299 (D.D.C. Nov. 8, 2004), and related orders, to this case).  Any redactions made in the classified factual return will be explained in the declaration(s)/certification(s) submitted therewith.  Both copies of the classified factual return will contain highlighting, explained therein, consistent with the Court's Order for Specific Disclosures Relating to Respondents' Motion to Designate as "Protected Information" Unclassified Information and Petitioners' Motion for Access to Unredacted Factual Returns, entered on December 8, 2004 by Judge Green in the coordinated cases.  Respondents will designate certain highlighted, unclassified information in the classified factual return as "protected information" under the Protective Order.  Pursuant to the Protective Order, once counsel for petitioner has reviewed the factual return and counsel for the parties have conferred,

respondents will file a motion requesting that the Court designate the information in the factual return as "protected" pursuant to the Protective Order.[2]

For the reasons explained in the factual return, petitioner Mahmud Idris has been determined to be an enemy combatant and is, therefore, lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise.  Accordingly, the petition for writ of habeas corpus should be dismissed and the relief sought therein denied.

Dated:  January 3, 2006	Respectfully submitted,

	PETER D. KEISLER
	Assistant Attorney General

	KENNETH L. WAINSTEIN
	United States Attorney

	DOUGLAS N. LETTER
	Terrorism Litigation Counsel

	  /s/ Preeya M. Noronha
	JOSEPH H. HUNT (D.C. Bar No. 431134)
	VINCENT M. GARVEY (D.C. Bar No. 127191)
	TERRY M. HENRY
	JAMES J. SCHWARTZ
	PREEYA M. NORONHA
	ROBERT J. KATERBERG
	NICHOLAS J. PATTERSON
	ANDREW I. WARDEN
	EDWARD H. WHITE
	MARC A. PEREZ
	Attorneys
	United States Department of Justice
	Civil Division, Federal Programs Branch
	20 Massachusetts Ave., N.W.  Room 7144
	Washington, DC  20530

---

[2]  Pursuant to the Protective Order, respondents will disclose this information to petitioner's counsel, who shall treat such information as "protected" unless and until the Court rules that the information should not be designated as "protected."

Tel: (202) 514-4107
Fax: (202) 616-8470

Attorneys for Respondents