IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHMUD IDRIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, *et al.*, )<br>)<br>Respondents. )<br>) | Civil Action No. 05-1555 (JR) |

### DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1. I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2. I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Mahmud Idris that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 22 December 2005

Teresa A. McPalmer
CDR, JAGC, U. S. Navy



# Department of Defense
## Director, Combatant Status Review Tribunals

OARDEC/Ser: **618**

13 JAN 2005

~~FOR OFFICIAL USE ONLY~~

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 036**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #036 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

UNCLASSIFIED

13 Jan 05

MEMORANDUM

From: Assistant Legal Advisor
To: Director, Combatant Status Review Tribunal
Via: Legal Advisor

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 036

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #13 of 4 October 2004
(2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and voluntarily elected not to participate.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal substantially complied with all provisions of references (a) and (b). Note that some information in exhibit R-3 was redacted. The FBI properly certified in exhibit R-2 that the redacted information would not support a determination that the detainee is not an enemy combatant.

   d. The detainee did not request that any witnesses or evidence be produced.

   e. The Tribunal's decision that detainee #036 is properly classified as an enemy combatant was unanimous.

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

PETER C. BRADFORD
LT, JAGC, USNR

UNCLASSIFIED



# Department of Defense
## Director, Combatant Status Review Tribunals

4 Oct 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #13

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

**MEMBERS:**

███████████████ Colonel, U.S. Army; President

███████████████, Commander, JAGC, U.S. Naval Reserve; Member (JAG)

███████████████ Commander, U.S. Navy; Member

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

03 December 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander

SUBJECT: CSRT Record of Proceedings ICO ISN# 036

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ███.

CHARLES E. JAMISON
CAPT, USN

SECRET//NOFORN//X1

### (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (4).

(U) TRIBUNAL PANEL: __#13__

(U) ISN#: __036__

Ref: (a) (U) Convening Order for Tribunal #13 of 04 October 2004 (U)
     (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
     (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl: (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/FOUO)
     (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
     (3) (U) Summary of Detainee/Witness Testimony (U/FOUO)- N/A
     (4) (U) Copies of Documentary Evidence Presented (S/NF)
     (5) (U) Personal Representative's Record Review (U/FOUO)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the Detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 03 November 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee #036 is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this Detainee is a member of, or affiliated with, the Taliban and al Qaida, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).

[signature redacted]
Colonel, U.S. Army
Tribunal President

DERV FM: Multiple Sources
DECLASS: X1

SECRET//NOFORN//X1

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: _____#13_____
ISN #: _____036_____

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this Detainee is properly classified as an enemy combatant and is a member of, or affiliated with, the Taliban and al Qaida. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The unclassified evidence presented to the Tribunal by the Recorder indicated that the Detainee is associated with the Taliban and al Qaida. The Detainee traveled from Sudan, through Pakistan to Kandahar, Afghanistan. The Detainee stated that he was the clinical doctor at [redacted] but did not have any formal training as a doctor. The Detainee stated that he met, spoke with and shook hands with Usama Bin Laden on multiple occasions, when Usama Bin Laden would visit [redacted]. The Detainee stated that he had received military training at [redacted] and trained on the Kalashnikov rifle, Beka machinegun and mortars. The Detainee stated that for the two years he had been in Afghanistan, prior to the start of the United States bombing, he fought with the Taliban against the Northern Alliance. The Detainee participated in military operations against the United States or its coalition partners. The Detainee stated that he has killed people in battle while attacking or being attacked by the Northern Alliance. The Detainee stated that he asked where the fighting was taking place and then went to the frontline at Baghram where he spent approximately two years fighting, prior to the start of the United States bombing of Afghanistan. The Detainee was in Baghram during the United States air campaign there. The Detainee drove with Taliban members towards the border of Afghanistan and Pakistan, split from this group at the border and surrendered to the Pakistani Army, where he was put in jail to be later turned over to United States forces in Kandahar, Afghanistan. The Detainee chose not to participate in the Tribunal process. He called neither witnesses nor requested the production of any documents. The Detainee made an unsworn verbal statement as presented by the Personal Representative. The Detainee denied being associated with Usama bin Laden, the Taliban and al Qaida and claimed to be in Afghanistan for missionary work.

### 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: D-a and R-1 through R-18.

    b. Testimony of the following persons: none.

    c. Unsworn statement of the Detainee as presented by the Personal Representative.

### 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The Detainee requested neither witnesses nor the production of documents. Hence, the Tribunal President did not need to make any rulings on evidence

### 5. Discussion of Unclassified Evidence

The Tribunal considered the following unclassified evidence in making its determinations:

    a. The recorder offered Exhibits R-1 through R-3 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Exhibits R-2 and R-3 provided no usable evidence. Accordingly, the Tribunal had to look to classified exhibits for support of the Unclassified Summary of Evidence.

    b. Essentially the only unclassified evidence the Tribunal had to consider was the Detainee's unsworn verbal statement responding to the unclassified evidence obtained by the Personal Representative during his interview of the Detainee. A summarized transcript of the Detainee's unsworn statement is attached as CSRT Decision Report Enclosure (3). In sum, the Detainee stated that it is true that he traveled from Sudan through Pakistan to Kandahar, Afghanistan, but he is not a doctor and never claimed to be one. The Detainee further stated that it was not true that he had met and shook hands with Usama bin Laden at ■■■■ on many occasions. The Detainee claims that he did not train at ■■■■, but that he was a missionary for two years before 11 September 2001 and after that date he left for Pakistan. The Detainee stated that he did not kill people while fighting against the Northern Alliance. Nor did he fight at the front lines for two years prior to the U.S. bombing campaign in Afghanistan. The Detainee denies being in Baghram during the U.S. bombing campaign. Finally, the Detainee denied surrendering to Pakistani authorities, but rather he claims he was captured.

The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

### 6. Consultations with the CSRT Legal Advisor

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

### 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The Personal Representative noted in Exhibit D-a that the Detainee appeared "dazed" during is interview. The Tribunal President inquired of the Personal Representative whether he discussed the Detainee's general health and whether the Detainee understood the nature of the Tribunal proceedings. The Personal Representative stated that the Detainee noted that he was getting over an illness, that he understood the unclassified evidence (and he provided responses to it), that he did not wish to participate in the Tribunal and that he wanted to return to his cell and take his medicine. The Personal Representative believed that the Detainee knew what was going on and that he was coherent and competent. Based on this inquiry and certain information contained in the classified evidence discussed in Enclosure (2), the Tribunal finds that he Detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed necessary.

    b. The Detainee understood the Tribunal proceedings. Although he did not actively participate, there was no reason to believe he did not understand. See, the discussion in 7.a, above.

    c. The Detainee is properly classified as an enemy combatant and is a member of, or affiliated with, al Qaida and the Taliban.

### 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

[signature redacted]

Colonel, U.S. Army
Tribunal President

# DETAINEE ELECTION FORM

Date: 28 October 2004
Start Time: 0830 hrs
End Time: 0920 hrs

ISN#: 0036

Personal Representative: ███████ MAJOR, USAF
(Name/Rank)

Translator Required? YES     Language? ARABIC

CSRT Procedure Read to Detainee or Written Copy Read by Detainee? YES

---

**Detainee Election:**

☐ Wants to Participate in Tribunal

☒ Affirmatively Declines to Participate in Tribunal

☐ Uncooperative or Unresponsive

**Personal Representative Comments:**

Detainee does not desire to participate in the Tribunal. There are neither witnesses nor documentary evidence to submit. Detainee seemed dazed, was calm, relaxed, quiet, but clearly understood the process. He denied all the evidence with the exception of being in AF for 2 years prior to 9/11. Upon completion of the interview, he said that he wanted to return to his cell to take his medicine. Ready for IA Tribunal.

Personal Representative: ███████

Exhibit: D-a

UNCLASSIFIED

## Combatant Status Review Board

TO: Personal Representative

FROM: OIC, CSRT (08 October 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal – IDRIS, Ibrahim Othman Ibrahim

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that the detainee is associated with the Taliban and al Qaida and participated in military operations against the United States or its coalition partners.

   a. The detainee is associated with the Taliban and al Qaida:

      1. The detainee traveled from Sudan, through Pakistan to Kandahar, Afghanistan.

      2. The detainee stated that he was the clinical doctor at [redacted], but did not have any formal training as a doctor.

      3. The detainee stated that he met, spoke with and shook hands with Usama Bin Laden on multiple occasions, when Usama Bin Laden would visit [redacted].

      4. The detainee stated that he had received military training at [redacted] and trained on the Kalashnikov rifle, Beka machinegun and mortars.

      5. The detainee stated that for the two years he had been in Afghanistan, prior to the start of the United States bombing, he fought with the Taliban against the Northern Alliance.

   b. The detainee participated in military operations against the United States or its coalition partners:

      1. The detainee stated that he has killed people in battle while attacking or being attacked by the Northern Alliance.

UNCLASSIFIED

Page 1 of 2

Exhibit R-1

UNCLASSIFIED

2. The detainee stated that he asked where the fighting was taking place and then went to the frontline at Baghram where he spent approximately two years fighting, prior to the start of the United States bombing of Afghanistan.

3. The detainee was in Baghram during the United States air campaign there.

4. The detainee drove with Taliban members towards the border of Afghanistan and Pakistan, split from this group at the border and surrendered to the Pakistani Army, where he was put in jail to be later turned over to United States forces in Kandahar, Afghanistan.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

UNCLASSIFIED

Page __2__ of __2__

# Memorandum



| | | |
|---|---|---|
| To : | Department of Defense<br>Office of Administrative Review<br>for Detained Enemy Combatants<br>Col. David Taylor, OIC, CSRT | Date 10/06/2004 |
| From : | FBI GTMO<br>Counterterrorism Division<br>Asst. Gen. Counsel ▓▓▓▓▓ | |
| Subject | REQUEST FOR REDACTION OF<br>NATIONAL SECURITY INFORMATION<br>▓▓▓▓▓▓▓▓▓▓ | |

Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

The following documents relative to ISN 036 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 02/20/2002

---

[1] Redactions are blackened out on the OARDEC provided FBI document.

[2] See Executive Order 12958

Exhibit R-2

Page 1 of 2

Memorandum from ▮▮▮▮ to Col. David Taylor
Re: REQUEST FOR REDACTION, 10/06/2004

If you need additional assistance, please contact Asst. Gen. Counsel ▮▮▮▮▮▮▮▮, or Intelligence Analyst ▮▮▮▮▮▮▮▮ Intelligence Analyst ▮▮▮▮▮▮▮▮,

-2-

Page 2 of 2

# Memorandum



To :                                        Date

        Department of Defense                10/30/2004
        Office of Administrative Review
        for Detained Enemy Combatants
        Capt. Charles Jamison, OIC, CSRT

From :   FBI GTMO
        Counterterrorism Division
        Asst. Gen. Counsel ▓▓▓▓▓▓

Subject: REQUEST FOR REDACTION OF
         NATIONAL SECURITY INFORMATION
▓▓▓▓▓▓▓▓▓▓▓

      Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

      The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

      The following documents relative to ISN 036 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 03/21/02
FD-302 dated 06/01/02
FD-302 dated 08/03/02
FD-302 dated 06/25/03

---

[1] Redactions are blackened out on the OARDEC provided FBI document.

[2] See Executive Order 12958

Page __1__ of __2__                                    Exhibit __R-3__

Memorandum from ▮▮▮▮▮ to Capt. Charles Jamison
Re:  REQUEST FOR REDACTION, 10/30/2004

    If you need additional assistance, please contact Asst. Gen. Counsel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or Intelligence Analyst (IA) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

-2-

Page 2 of 2

UNCLASSIFIED//~~FOUO~~

## Personal Representative Review of the Record of Proceedings

I acknowledge that on 06 November 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #36.

 have no comments.

___ My comments are attached.

, USAF
Name

06 NOV 04
Date

Signature

ISN #036
Enclosure (5)

UNCLASSIFIED//~~FOUO~~