# **Exhibit 2**

To The Petitioner's Opposition To Respondents' Motion For Procedures Related to Review of Certain Detainee Materials

On Behalf of Petitioner,

**IBRAHIM OSMAN IBRAHIM IDRIS**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------------------ x

IBRAHIM OSMAN IBRAHIM IDRIS,
    Detainee, Guantánamo Bay Naval Station
    Guantánamo Bay, Cuba,

                              *Petitioner,*

v.

GEORGE W. BUSH, *et al.*,

                             *Respondents.*

Civil Action No. 05-CV-01555 (JR)

------------------------------------------------------------------ x

### DECLARATION OF JEFFREY I. LANG IN SUPPORT OF PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION FOR PROCEDURES RELATED TO REVIEW OF CERTAIN DETAINEE MATERIALS

JEFFREY I. LANG declares as follows:

1. I am counsel at the law firm of Debevoise & Plimpton LLP, counsel to Petitioner Ibrahim Osman Ibrahim Idris. I am a member of the bar of the State of New York and have been admitted *pro hac vice* to this Court in connection with this action. I submit this declaration based on personal knowledge except as otherwise described based on information which I have been informed and believe to be true. I submit this declaration in opposition to Respondents' Motion For Procedures Related To Review Of Certain Detainee Materials.

2

2. The information included in this declaration was declassified by the Privilege Review Team appointed to conduct classification reviews of material related to *habeas* petitions brought by detainees at Guantánamo.

3. On June 20, 2006, I met with Idris at the United States Naval Base at Guantánamo Bay Cuba.

4. During the visit, Idris told me that during the prior week, all of his files, documents and papers relating to this proceeding, including my firm's correspondence and legal materials we had provided to him had been seized and taken from his cell, and that, despite his requests, he had not been allowed to review them.

5. On June 20, 2006, I also met with another habeas petitioner, Hayal Aziz Ahmed al-Mithali, at the United States Naval Base at Guantánamo Bay Cuba.

6. During that visit, Al-Mithali told me that during the prior week, all of his files, documents and papers relating to this proceeding, including my firm's correspondence and legal materials we had provided to him had been seized and taken from his cell and that, despite his requests to the guards, he had not been allowed to review any of his files and papers.

7. He said that his personal items, including his legal materials, appeared to be in a box outside his cell.

8. Al-Mithali also told me that he had not been given any legal mail over the past week, even though he could see apparently recently received and unopened mail, stamped with my firm's return address, placed in the box outside of his cell.

2

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2006.

_____
Jeffrey I. Lang