IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IBRAHIM OSMAN IBRAHIM IDRIS**, ) <br> ) <br> *Petitioner*, ) <br> ) <br> *v.* ) <br> ) <br> **GEORGE W. BUSH**, *et al.*, ) <br> ) <br> *Respondents*. ) <br> ) | Civil Action No. 05-CV-1555 (JR) |

**NOTICE OF SUBSEQUENT AUTHORITY IN CONNECTION WITH
PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT OF
DISMISSAL AND FOR A STAY-AND-ABEY ORDER**

On April 13, 2007, Petitioner moved this Court to alter or amend its judgment of dismissal of Petitioner's habeas action by (1) reinstating Petitioner's habeas action, (2) upon reinstatement, staying the dismissal of this habeas action pending Petitioner's exhaustion of his remedies in the Court of Appeals for the D.C. Circuit under the Detainee Treatment Act of 2005, 10 U.S.C. § 801 *et seq.* ("DTA"), and (3) holding this action in abeyance pending either Petitioner's exhaustion of those remedies or the Supreme Court's resolution of the Court of Appeals' jurisdictional holding in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene I*"). On June 12, 2007, Petitioner filed an action under the DTA that is now pending before the Court of Appeals. *See* Petition for Immediate Release and Other Relief Under Detainee Treatment Act of 2005, *Idris v. Gates*, 07-1199, (D.C. Cir. June 12, 2007) ("Petitioner's DTA Petition").

Granting a motion for reconsideration is appropriate when there is an "intervening change of controlling law." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) *quoting Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal citation omitted)). In addition to the arguments that Petitioner made earlier in support of his requested relief, Petitioner's motion for reconsideration should be granted because of a subsequent action by the Supreme Court. Petitioner respectfully notifies this Court that on June 29, 2007, after Petitioner had filed his motion for reconsideration, the Supreme Court granted a petition for rehearing, vacated its April 2, 2007 order denying petitions for writs of certiorari, and granted certiorari in *Boumediene* and *Al Odah*. *Boumediene v. Bush*, -- S. Ct. -- (U.S. June 29, 2007) (Nos. 06-1195, 06-1196) ("*Boumediene II*"), *vacating Boumediene v. Bush*, 127 S. Ct. 1478 (Apr. 2, 2007) (Nos. 06-1195, 06-1196). The Supreme Court's decision to now review the D.C. Circuit's ruling revives the question of whether this Court has jurisdiction to hear Petitioner's habeas action.

In light of the subsequent action by the Supreme Court, this Court's dismissal of Petitioner's habeas action was premature. The Supreme Court's grant of certiorari in *Boumediene II* means that the Court of Appeals' decision concerning this Court's jurisdiction is not the final word on this issue. A sister court in this district has already denied motions to dismiss the habeas petitions of Guantanamo detainees because of the Supreme Court's grant of certiorari. *See, e.g.,* Minute Order, *Thabid v. Bush*, 05-cv-2398 (D.D.C. July 5, 2007) (Huvelle, J.). In addition, most of the *Boumediene I* petitioners have asked the Court of Appeals to recall the mandates it issued in their cases. *See* Mot.

to Recall Mandates, *Al Odah v. United States*, No. 05-5064 (D.C. Cir. July 2, 2007). Because this Court's *sua sponte* order dismissing Petitioner's habeas action was based on the authority of the Circuit Court decisions in *Boumediene* and *al Odah,* which have now been called into question, Petitioner respectfully requests that the Court grant his motion for reconsideration, reinstate his habeas action and enter an order to stay and abey litigation relating to its merits pending either the outcome of Petitioner's DTA Petition or resolution by the Supreme Court of the issue of this Court's jurisdiction in *Boumediene II*.

This Court should also grant Petitioner's motion for reconsideration because the alternative would result in "manifest injustice." *Anyanwutaku*, 151 F.3d at 1058. The Supreme Court may rule that *Boumediene I* was decided erroneously by the Court of Appeals, and permit habeas actions brought by Petitioner and others similarly situated to proceed in this Court. Allowing dismissal of Petitioner's action to stand would unduly delay, if not entirely prevent, Petitioner from seeking economical and efficient relief should he have to subsequently file another habeas petition upon exhaustion of his DTA remedies.[1] Preservation of the status quo through the issuance of a stay-and-abey order would neither prejudice Respondents nor impose any additional burdens on this Court. It would, however, greatly facilitate Petitioner's pursuit of relief should the Supreme Court

---

[1] Moreover, as noted in Petitioner's Motion, Petitioner is concerned that, if this Court's judgment stands, Petitioner's subsequent relief may be limited solely to review of the outcome of his DTA action that is currently before the Court of Appeals, in which Petitioner is challenging only specified aspects of the final decisions of the Combatant Status Review Tribunal ("CSRT"). *See* Pet. Mot. to Alter or Amend the Judgment of Dismissal and for a Stay-and-Abey Order at 6-7, *Idris v. Bush*, No. 05 Civ. 1555 (JR) (D.D.C. Apr. 13, 2007).

eventually hold that this Court does have jurisdiction to hear Petitioner's habeas claims. Speedy review of the merits of the Petition would be all the more significant in light of the fact that Petitioner's habeas action had been pending before this Court without much progress for more than a year before its dismissal.

Petitioner respectfully requests that this Court grant Petitioner's Motion to Alter or Amend the Judgment of Dismissal, enter Petitioner's Proposed Order reinstating this action, and then stay and hold the Petition in abeyance pending the outcome of Petitioner's DTA Petition before the Court of Appeals and the Supreme Court's resolution of the jurisdictional issue in *Boumediene II*.

Dated:  July 17, 2007

        Respectfully submitted,

        /s/ Jennifer R. Cowan
        Jeffrey I. Lang
        Jennifer R. Cowan
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, New York 10022
        Tel:  (212) 909-6000
        Fax:  (212) 909-6836

        John B. Missing (Bar No. 425469)
        DEBEVOISE & PLIMPTON LLP
        555 13th Street, N.W.
        Washington, D.C. 20004-1169
        Tel:  (202) 383 8000
        Fax:  (202) 383 8118

        Shayana Kadidal (Bar No. 454248)
        CENTER FOR CONSTITUTIONAL RIGHTS
        666 Broadway, 7th Floor
        New York, New York 10012
        Tel: (212) 614-6438
        Fax: (212) 614-6499

        Counsel for Petitioner