IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **IBRAHIM OSMAN IBRAHIM IDRIS**, ) <br> ) <br> *Petitioner*, ) <br> ) <br> v. ) <br> ) <br> **GEORGE W. BUSH**, *et al.*, ) <br> ) <br> *Respondents*. ) <br> ) | Civil Action No. 05-CV-1555 (JR) |

**NOTICE OF WITHDRAWAL OF MANDATE IN *AL ODAH* AND *BOUMEDIENE***

On April 13, 2007, Petitioner moved this Court to alter or amend its judgment of dismissal of Petitioner's habeas action by (1) reinstating Petitioner's habeas action, (2) upon reinstatement, staying the dismissal of this habeas action pending Petitioner's exhaustion of his remedies in the Court of Appeals for the D.C. Circuit under the Detainee Treatment Act of 2005, 10 U.S.C. § 801 *et seq.* ("DTA"), and (3) holding this action in abeyance pending either Petitioner's exhaustion of those remedies or the Supreme Court's resolution of the Court of Appeals' jurisdictional holding in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene I*"). On June 12, 2007, Petitioner filed an action under the DTA that is now pending before the Court of Appeals. *See* Petition for Immediate Release and Other Relief Under Detainee Treatment Act of 2005, *Idris v. Gates*, 07-1199, (D.C. Cir. June 12, 2007) ("Petitioner's DTA Petition").

Granting a motion for reconsideration is appropriate when there is an "intervening change of controlling law." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (*quoting Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal citation omitted)). In addition to the arguments that Petitioner made earlier in support of his requested relief, Petitioner's motion for reconsideration should be granted because of a subsequent action by the Court of Appeals for the District of Columbia Circuit.

Petitioner respectfully notifies this Court that on July 26, 2007, after Petitioner had filed his motion for reconsideration, the Court of Appeals recalled its mandates in *Boumediene* and *Al Odah*. *See* Order to Grant Appellants' Motion to Recall Mandate, *Al Odah v. United States*, No. 05-5064 (D.C. Cir. July 26, 2007), due to the Supreme Court's grant of *certiorari* in those cases on June 29, 2007. By recalling its mandates, the Circuit Court has preserved its jurisdiction over these cases, rather than ceding it to the district court to dismiss them. *Cf. N. Cal. Power Agency v. Nuclear Regulatory Comm'n*, 393 F.3d 223, 224 (D.C. Cir. 2004) ("[I]ssuance of the mandate formally marks the end of appellate jurisdiction.").

The Circuit Court's decision to retain its jurisdiction, coupled with the possibility that the Supreme Court may reverse the holding of *Boumediene I*, suggests that the question of whether this Court has jurisdiction to hear Petitioner's habeas action is far from resolved. Because this Court's *sua sponte* order dismissing Petitioner's habeas action was based on the authority of the Circuit Court decisions in *Boumediene* and *Al Odah*, which have now been called into question, Petitioner respectfully requests that the

Court grant his motion for reconsideration, reinstate his habeas action and enter an order to stay and abey litigation relating to its merits pending either the outcome of Petitioner's DTA Petition or resolution by the Supreme Court of the issue of this Court's jurisdiction. *See Boumediene v. Bush*, -- S. Ct. -- (U.S. June 29, 2007) (Nos. 06-1195, 06-1196) (granting writ of certiorari) ("*Boumediene II*").

This Court should also grant Petitioner's motion for reconsideration because the alternative would result in "manifest injustice." *Anyanwutaku*, 151 F.3d at 1058. The Supreme Court may rule that *Boumediene I* was decided erroneously by the Court of Appeals, and permit habeas actions brought by Petitioner and others similarly situated to proceed in this Court. Allowing dismissal of Petitioner's action to stand would unduly delay, if not entirely prevent, Petitioner from seeking economical and efficient relief should he have to subsequently file another habeas petition upon exhaustion of his DTA remedies.[1] Preservation of the status quo through the issuance of a stay-and-abey order would neither prejudice Respondents nor impose any additional burdens on this Court. It would, however, greatly facilitate Petitioner's pursuit of relief should the Supreme Court eventually hold that this Court does have jurisdiction to hear Petitioner's habeas claims. Speedy review of the merits of the Petition would be all the more significant in light of

---

[1]   Moreover, as noted in Petitioner's Motion, Petitioner is concerned that, if this Court's judgment stands, Petitioner's subsequent relief may be limited solely to review of the outcome of his DTA action that is currently before the Court of Appeals, in which Petitioner is challenging only specified aspects of the final decisions of the Combatant Status Review Tribunal ("CSRT"). *See* Pet. Mot. to Alter or Amend the Judgment of Dismissal and for a Stay-and-Abey Order at 6-7, *Idris v. Bush*, No. 05 Civ. 1555 (JR) (D.D.C. Apr. 13, 2007).

the fact that Petitioner's habeas action had been pending before this Court without much progress for more than a year before its dismissal.

Petitioner respectfully requests that this Court grant Petitioner's Motion to Alter or Amend the Judgment of Dismissal, enter Petitioner's Proposed Order reinstating this action, and then stay and hold the Petition in abeyance pending the outcome of Petitioner's DTA Petition before the Court of Appeals and the Supreme Court's resolution of the jurisdictional issue in *Boumediene II*.

Dated: July 31, 2007

Respectfully submitted,

/s/ Jennifer R. Cowan
Jeffrey I. Lang
Jennifer R. Cowan
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

John B. Missing (Bar No. 425469)
DEBEVOISE & PLIMPTON LLP
555 13th Street, N.W.
Washington, D.C. 20004-1169
Tel: (202) 383 8000
Fax: (202) 383 8118

Shayana Kadidal (Bar No. 454248)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6438
Fax: (212) 614-6499

Counsel for Petitioner