IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **IBRAHIM OSMAN IBRAHIM IDRIS**,<br><br>*Petitioner*,<br><br>v.<br><br>**GEORGE W. BUSH**, *et al.*,<br><br>*Respondents*. | Civil Action No. 05-CV-1555 (JR) |

**NOTICE OF REINSTATEMENT OF 14 CASES INVOLVING
THE HABEAS PETITIONS OF GUANTÁNAMO DETAINEES**

On April 13, 2007, Petitioner moved this Court to alter or amend its *sua sponte* judgment of dismissal of Petitioner's habeas action by (1) reinstating Petitioner's habeas action, (2) upon reinstatement, staying the dismissal of this habeas action pending Petitioner's exhaustion of his remedies in the Court of Appeals for the D.C. Circuit under the Detainee Treatment Act of 2005, 10 U.S.C. § 801 *et seq.* ("DTA"), and (3) holding this action in abeyance pending either Petitioner's exhaustion of those remedies or the Supreme Court's resolution of the Court of Appeals' jurisdictional holding in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene I*"). On June 12, 2007, Petitioner filed an action under the DTA that is now pending before the Court of Appeals. *See* Petition for Immediate Release and Other Relief Under Detainee Treatment Act of 2005, *Idris v. Gates*, 07-1199, (D.C. Cir. June 12, 2007) ("Petitioner's DTA Petition").

22581111v1

Granting a motion for reconsideration is appropriate when there is an "intervening change of controlling law." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (*quoting Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal citation omitted)). In addition to the arguments that Petitioner made earlier in support of his requested relief, Petitioner's motion for reconsideration should be granted because of a subsequent action by the United States District Court for the District of Columbia.

Petitioner respectfully notifies this Court of the recent order in fourteen habeas cases involving approximately forty Guantánamo detainees. After dismissing these habeas petitions under the authority of *Boumediene I*, Judge Urbina, on October 5, 2007—after Petitioner had filed his motion for reconsideration—granted the petitioners' motions for reconsideration, vacated the Court's previous order dismissing the cases, stayed the cases, and directed that the protective order and counsel access rules remain in effect for the duration of the stay. *See, e.g.*, Order Granting the Petitioners' Motions for Reconsideration; Vacating the Court's Order Dismissing the Cases; Staying the Cases; and Directing that the Protective Order and Counsel Access Rules Remain in Effect for the Duration of the Stay at 5, *Al-Oshan v. Bush*, No. 05-0520 (RMU) (D.D.C. Oct. 5, 2007).[1]

---

[1] The same order was entered in *Al-Oshan v. Bush*, No. 05-0520 (RMU), *Tunami v. Bush*, 05-0526 (RMU), *Sohail v. Bush*, 05-0993 (RMU), *Al-Karim v. Bush*, No. 05-0998 (RMU), *Al-Hela v. Bush*, 05-1048 (RMU), *Zalita v. Bush*, No. 05-1220 (RMU), *Al-Hatim v. Bush*, 05-1429 (RMU), *Kiyemba v. Bush*, No. 05-1509 (RMU), *Rabbani v. Bush*, 05-1607 (RMU), *Alkhemisi v. Bush*, 05-1983 (RMU), *Al Halmandy v. Bush*, No. 05-2385 (RMU), *Al-Delebany v. Bush*, No. 05-2477 (RMU), *Naseer v. Bush*, 06-1689 (RMU), and *Al-Zarnouqi v. Bush*, No. 06-1767 (RMU).

The District Court reinstated and stayed these petitions in order to "maintain[] the status quo ante with regard to counsel's access to the petitioners, align[] the court with recent decisions in related cases, and harmonize[] jurisdictional questions between this Court and the D.C. Circuit." *Id.*

Petitioner's access to counsel is currently governed by the protective order entered in Petitioner's DTA Petition ("DTA Protective Order"). *See* Order, *Idris v. Gates*, No. 07-1199 (D.C. Cir. Aug. 31, 2007). However, the DTA Protective Order differs from the protective order issued in the habeas cases ("Habeas Protective Order") in a number of respects. *Compare In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004), *with* Order, *Bismullah v. Gates*, No. 06-1197 and *Parhat v. Gates*, No. 06-1397 (D.C. Cir. July 30, 2007). Therefore, reinstatement of the Habeas Protective Order would be required to maintain the status quo with respect to Petitioner's access to his counsel.

Petitioner respectfully requests that this Court grant Petitioner's Motion to Alter or Amend the Judgment of Dismissal, enter Petitioner's Proposed Order reinstating this action, stay and hold the Petition in abeyance pending the outcome of Petitioner's DTA Petition before the Court of Appeals and the Supreme Court's resolution of the jurisdictional issue in *Boumediene II*, and order that the Habeas Protective Order remain in effect for the duration of the stay.

22581111v1

Dated:  October 16, 2007

                    Respectfully submitted,

                      /s/ Jennifer R. Cowan  
                    Jeffrey I. Lang  
                    Jennifer R. Cowan  
                    DEBEVOISE & PLIMPTON LLP  
                    919 Third Avenue  
                    New York, New York 10022  
                    Tel:  (212) 909-6000  
                    Fax:  (212) 909-6836

                    John B. Missing (Bar No. 425469)  
                    DEBEVOISE & PLIMPTON LLP  
                    555 13th Street, N.W.  
                    Washington, D.C. 20004-1169  
                    Tel:  (202) 383 8000  
                    Fax:  (202) 383 8118

                    Shayana Kadidal (Bar No. 454248)  
                    CENTER FOR CONSTITUTIONAL RIGHTS  
                    666 Broadway, 7th Floor  
                    New York, New York 10012  
                    Tel: (212) 614-6438  
                    Fax: (212) 614-6499

                    Counsel for Petitioner

22581111v1